UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN (COVINGTON) DIVISION

| | | |
|---|---|---|
| ERIC OETJEN, | : | CASE NO.: |
| *Plaintiff* | : | |
| v. | : | JUDGE |
| CLEVELAND HOME TITLE, LTD. D/B/A PERFORMANCE TITLE | : | |
| AND | : | MAGISTRATE JUDGE |
| BRINCS WAREHOUSING STORAGE, INC. | : | VERIFIED CIVIL COMPLAINT WITH JURY DEMAND |
| AND | : | |
| DWAYNE THOMAS, | : | |
| *Defendants* | : | |

The Plaintiff, Eric Oetjen, by counsel, for his civil complaint and demand for a trial by jury state as follows:

## IDENTITY OF PARTIES

1)  Plaintiff, Eric Oetjen, is a natural person, and is a citizen of the Commonwealth of Kentucky and resides in the city of Fort Thomas, Campbell County.

2)  Defendant, Cleveland Home Title Agency, Ltd., is an Ohio corporation

that operates under the registered "fictious" name of Performance Title. Its primary place of business is located at 2035 Crocker Road, # 104, Westlake, Ohio or 6417 Branch Hill-Guinea Pike, #105, Loveland, Ohio. Its principal and registered agent is Norman Incze. It will be referred to as "Performance Title throughout this Complaint.

3) Defendant, Brincs Storage Warehousing, Inc., is an Ohio corporation and *alter ego* of Defendant, Dwayne Thomas. It is registered to conduct business in the State of Ohio. Its principal address is 2262 Norwood Avenue, Norwood Ohio. Its principal officers are Dwayne Thomas, Michael Turner, and Clara Louise Campbell all of whom are citizens of the State of Ohio. Michael Turner is the registered agent of process.

4) Defendant, Dwayne Thomas, is a natural person, and is a citizen of the State of Ohio. His last known address was 2262 Norwood, Avenue, Norwood, Hamilton County, Ohio.

## JURISDICTION AND VENUE

5) This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 (diversity of citizenship) and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6) Venue is proper in this Court under 28 U.S.C. § 1391(b)(2). This district is where a substantial part of the events or omissions giving rise to the claim occurred. The Northern (Covington) Division of the Eastern District of

Kentucky is the proper jury division because the fraudulent conduct occurred in a county (Campbell County) of the northern division jury pool.

## JURY DEMAND

7) The Plaintiffs demand this matter be set for a jury trial.

## FACTS COMMON TO ALL COUNTS

### Brincs-Dwayne Thomas-Cleveland Title-Eric Oetjen Mortgage Fraud Scheme

8) Plaintiff, Eric Oetjen, is a victim of a mortgage fraud scheme.

9) Eric met Defendant, Dwayne Thomas, through a separate business relationship wherein Eric's engineering firm provided professional services for Brincs and Dwayne Thomas. Dwayne took advantage of that relationship to independently defraud Eric.

10) Defendant, Dwayne Thomas inquired and presented an investment opportunity to Eric surrounding a rehabilitation project at 4307 Erie Avenue, Cincinnati, Hamilton County, Ohio.

11) The scheme started with Eric wiring $255,000.00, to Defendant, Performance Title, after executing a promissory note and mortgage prepared by Dwayne Thomas on November 9, 2022 to purchase real estate located at 4307 Erie Avenue, Cincinnati, Ohio. Eric was a purchase money lender and to be an owner of the real estate. The promissory note was for 1-year with a maturity date of November 3, 2023. Brincs through Dwayne Thomas made assurances the purchase price of the property would then be secured by the promissory note and mortgage paying off Eric off promptly being recorded and file.

12) Dwayne Thomas Brincs prepared the mortgage and falsely wrote the "Grantor" (Eric) was the preparer of the promissory note and mortgage. This is false. Eric did not discover this first false statement until after Brincs and Thomas defaulted.

13) On November 10, 2022, Eric wired funds totaling $255,000.00 from a brokerage account from his residence in Fort Thomas, Campbell County, Kentucky to Performance Title at Dwayne Thomas's direction. Eric signed the promissory note and mortgage at the U.S. Bank branch in Fort Thomas, Campbell County the day before on November 9, 2022.

14) Performance Title, acting through its employees, including Brian Bauer, "business development, coordinator," facilitated a closing at Brincs direction preparing closing documents including a HUD-1, a Deed, and other closing documents for the sale of the Erie Avenue property to Brincs and Eric Oetjen.

15) Eric attended a real estate closing for the purchase of Erie Avenue at the real estate office of realtor, Meg Perez.

16) The HUD-1 prepared for that closing by Performance Title on its face appears to have been altered. It did not originally include Eric Oetjen's name. Likewise, the deed for the purchase, prepared by Performance Title's attorney and principal, Norman Incze, did not originally include Eric's name as a purchaser of the real estate. It is handwritten on the Deed. Eric wired the full purchase proceeds to Performance Title and was told he would own the property along with having his debt secured by the promissory note. Further, the deed is signed and

notarized by the sellers, Kenneth and Karen Woellert, on November 2, 2022, who signature was notarized by a Robert M, Schwartz. All of the other closing documents are dated November 10, 2022 signed by Mr. and Mrs. Woellert.

17) Dwayne Thomas or Performance Title kept the original promissory note and mortgage signed by Eric. Dwayne Thomas assured Eric the mortgage would be filed of record with the Hamilton County Recorder. Eric was given copies of both the promissory note and the mortgage when he signed the day before the closing at the realtor's office.

18) No Defendant, Dwayne Thomas, Brincs, or Performance Title ever recorded the original mortgage securing the purchase money mortgage.

19) After signing the promissory note and mortgage, Brincs and Thomas secured a rehabilitation loan and mortgage with FTF Lending, LLC, a Texas headquartered "hard money" lender less than 30 days later on December 1, 2022. It is believed Dwayne and Brincs did not disclose the existence of Eric's purchase money mortgage to FTF Lending, LLC.

20) FTF Lending, LLC loaned Brincs funds to complete the rehab loan for 4307 Erie Avenue. That loan was subsequently assigned to another lender.

21) Brincs requested Eric to release his interest in the property by conveying his interest and his wife's dower interest in the real estate to Brincs. Dwayne did not disclose the promissory note and mortgage was not recorded. Dwayne prepared a temporary title release agreement that promised to transfer the interest in the property back to Eric after 30 days. Dwayne misled Eric that the transfer was

necessary to allow allow Dwayne's company to restructure their business and begin rehabilitation work on 4307 Eire Avenue. Dwayne did not disclose the promissory note and mortgage was not recorded when the temporary lease was presented.

22) Dwayne, Brincs, and Performance Title in concert prepared a Deed to temporarily transfer Eric's interest to Brincs. Brian Bauer acted as a notary public for documents including an affidavit that falsely states Eric Oetjen is an owner of Brincs Storage and Warehousing all dated December 1, 2022. Eric's signature was cut and pasted from the Deed transferring Eric's interest to Brincs. The purpose of the false affidavit was to escape transfer tax payable conveying Eric's interest to Brincs as an arms length transaction.

23) Upon information and belief, Performance Title also acted as the closing agent for the Brincs and FTF Lending, LLC for a loan totaling $377,000.00 with ample proceeds to re-pay Eric's loan. The closing on that loan also occurred on December 1, 2022.

24) At no point did Dwayne, Brincs, or Performance Title release funds to Eric to pay-off his pre-existing promissory note and unrecorded mortgage.

25) Brincs and Dwayne Thomas defaulted on the purchase money mortgage with Eric.

26) On or about March 10, 2024, Brincs and Dwayne Thomas requested a short-term extension because the loan was in default. Eric reluctantly agreed to a short term extension and executed a new promissory note and mortgage with a payment date of due date of May 10, 2024 Again Brincs and Thomas took the

original instruments with assurances the originals would be filed of record with the Hamilton County Recorder.

27) Again Dwayne Thomas failed to record the updated mortgage.

28) Less than two weeks later, Brincs sold 4307 Erie Avenue to Kathryn Flanigan and Brian Strzelecki.

29) At no time did Brincs or Dwayne Thomas present the original purchase money mortgage or the promissory note for payment at the sale and loan closing conducted by Northwest Title on April 19, 2024 to Kathryn and Brian Strelecki. Dwayne also did not disclose the existence of Eric's promissory note and unrecorded mortgage on the seller's affidavit when the Erie Avenue property was conveyed. Brian Bauer with Performance Title facilitated the closing.

30) In an effort to clear the cloud of title on the Erie Avenue property, Ms. Flanigan and Mr. Strzelecki initiated a civil action for a declaratory judgment against Eric and Brincs Warehousing and Storage, Inc. That case was removed from the Hamilton County Court of Common Pleas to the United States District Court for the Southern District of Ohio. Eric intends to file a motion to transfer that matter to the Eastern District of Kentucky and be consolidated with this civil action when docketed and after the issuance of summons.

## First Cause of Action

### FRAUD AGAINST ERIC OETJEN BY DWAYNE THOMAS, BRINCS STORAGE WAREHOUSING, INC., AND CLEVELAND HOME TITLE, LTD. D/B/A AS PERFORMANCE TITLE

31) Plaintiff, Eric Oetjen, incorporates by reference the allegations in

Paragraphs 1-30 of this Complaint as if fully re-written herein.

32) Defendants, Dwayne Thomas, Brincs Storage and Warehousing, and Cleveland Home Title (hereinafter "Performance Title") acted in concert with each other and orchestrated specific actions to defraud Eric Oetjen as outlined herein.

33) Dwayne Thomas and Brincs, the alter ego of Dwayne Thomas, made statements to Eric Oetjen that he and it knew were materially false including but not limited to assurances that monies loaned to Brincs and Thomas would be repaid in a timely manner and instruments Dwayne Thomas drafted would be filed and recorded to provide adequate security and collateral for the monies loaned by Eric Oetjen for the purchase of 4307 Erie Avenue, Cincinnati, Hamilton County, Ohio.

34) But for the assurances by Dwayne Thomas on behalf of Brincs, Eric Oetjen would not have wired in excess of two hundred thousand dollars to Performance Title. The assurances made by Dwayne Thomas on behalf of Brincs were important and material to the purchase money mortgage between Eric Oetjen, Dwayne Thomas, the Brincs, and Performance Title.

35) The affirmative statements, both orally and in writing, by Dwayne Thomas regarding the filing and recording of the purchase money mortgage securing the promissory note were false. At no time did Dwayne Thomas ever intend to record the mortgage. This is evidenced by the fact that within a short period of time the property was purchased by Brincs and a closing was conducted by Performance Title and a subsequent loan was secured by Thomas and Brincs for the

rehab of 4307 Erie Avenue on December 1, 2022, the same day Eric transferred the property and the false affidavit with Eric's signature was drafted. And Dwayne Thomas, Brincs, or Performance Title never recorded the mortgage. The fact the mortgage was never filed is irrefutable evidence Dwayne Thomas and Brincs statements and assurances, orally and in writing, to Eric Oetjen were false.

36) Dwayne Thomas intended to defraud Eric Oetjen as specifically evidenced by falsely stating on the mortgage that Eric Oetjen was scrivener of the Deed to deflect responsibility to Eric and to provide a false defense that Eric Oetjen was the drafter of the documents, which he was not, and that Eric was responsible to file the mortgage. Next, Eric was not originally listed as a purchaser on the HUD-1 prepared by Performance Title or on the original deed conveying the property to Brincs and Eric under the terms of their purchase money agreement.

37) Eric detrimentally relied upon statements, both orally and in writing, that Dwayne Thomas, Brincs, and Performance Title would properly record the mortgage securing the purchase money mortgage loaning funds for the purchase of 4307 Erie Avenue, Cincinnati, Ohio.

38)    Brincs and Dwayne Thomas, and Performance Title, actually intended to hinder, delay, or defraud Eric Oetjen as a creditor to both Brincs entities, the debtors who defrauded and defaulted on the contracts and loans extending monies to purchase the 4307 Erie Avenue real estate.

39) To assist in proving that Brincs, Dwayne Thomas, and Performance Title

actually intended to defraud Eric Oetjen the following "badges of fraud" are present and can easily be proven: a) Dwayne Thomas, an officer of Brincs Storage and Warehousing, Inc. is really a sham company and his *alter ego* to engage in the fraud outlined herein and is an "insider" having personal knowledge of the loan contract with Eric Oetjen and failed to file it and record it despite retaining the original documents with assurances it would be filed; b) a second transfer on the same day as a closing held by Performance Title to the benefit of Brincs in an amount exceeding the monies due and owning to Eric completely divested Eric's ownership interest in real estate Eric Oetjen held a real and equitable security interest by virtue of the contracts, promissory notes, and mortgages that Brincs, Dwayne Thomas, and Performance Title did not file of record with the Hamilton County Recorder; c) Eric Oetjen notified Brincs of its default and intent to take means to collect on the monies owed; d) the transfer of 4307 appears to be a substantial amount of the capital owned by Brincs Storage and Warehousing, Inc. and Brincs and Dwayne Thomas pocketed an amount from the remaining proceeds of the sale to almost make Eric entirely whole from the sale of 4307 Erie Avenue; e) Brincs has absconded on the debt and made no efforts to repay the loans before transferring 4307 Erie Avenue to Kathryn Campbell and Brian Strzelecki; and e) the value received by Brincs was reasonably equivalent to the amount owed to Eric Oetjen by Brincs Storage and Warehousing before the fraudulent transfer to evade a creditor, Plaintiff, Eric Oetjen.

40) Eric Oetjen has been injured and has incurred compensatory damages as

a result of the fraudulent conduct by Dwayne Thomas, the Brincs, and Performance Title including punitive damages as allowed by statute.

## Second Cause of Action

## BREACH OF CONTRACT BY DWAYNE THOMAS AND BRINCS STORAGE WAREHOUSING, INC., AND PERFORMANCE TITLE

41) Plaintiff, Eric Oetjen, incorporates by reference the allegations in Paragraphs 1-40 of this Complaint as if fully re-written herein.

42) Plaintiff, Eric Oetjen, entered into a contract to loan Two Hundred and Fifty-Five Thousand Dollars ($255,000.00) plus interest to Brincs Storage Warehousing, Inc., the *alter ego* of Dwayne Thomas, with a promissory note and money purchase mortgage for real estate located at 4307 Erie Avenue, Cincinnati, Hamilton County, Ohio.

43) Eric, though chosen by Brincs, also had a contractual relationship with Performance Title to act as the closing agent for the sale of the real estate from the prior purchasers to him and Brincs.

44), Eric Oetjen wired funds to purchase 4307 Erie Avenue, Cincinnati, Ohio as directed by Dwayne Thomas and Brincs to Performance Title on November 10, 2022. 4307 Erie Avenue was purchased entirely with funds Eric wired to Performance Title and by a Deed transferred to Brincs and Eric Oetjen for $250,000.00 by a Deed filed of record on November 15, 2022. Notably, the Deed prepared by Norman Incze, a licensed attorney, principal, and owner of Defendant, Cleveland Home Title (a/ka/ Performance Title) (hereinafter the "Incze Deed") falsely listed the consideration paid to the prior owners as Ten Dollars ($10.00)

despite the HUD-1 and other documents listing the actual purchase price likely in an effort to evade the payment of transfer taxes from the sale.

45) The next step in the scheme as directed by Dwayne Thomas and Brincs required Eric and his wife to transfer the property to Brincs in-order for Brincs to secure a rehab mortgage.

46) Eric and his wife executed a Quit Claim Deed from Eric and his wife conveying their interest solely to Brincs. That Quit Claim Deed was drafted and presented by Brincs. Dwayne Thomas falsely typed in the Deed the preparer of the Deed was the "grantor." This is false.

47) Next, Eric and his wife transferred the real estate to Brincs in consideration of the purchase money mortgage and promissory note being paid. Not coincidental, the Quit Claim Deed Dwayne Thomas and Brincs had the same error as the previously executed "Imcze Deed" stating the consideration for the transaction was again only Ten Dollars conclusively proving Eric was not the drafter of the second deed. The second deed includes the same drafting error by Performance Title's attorney Norm Incze. Eric never had access to the "Incze deed" including the now duplicated consideration error.

48) Dwayne, Brincs, and Eric executed a promissory note and mortgage dated November 9, 2022 with a maturity date within 12 months.

49) Brincs and Dwayne Thomas were obligated to repay the principal and interest accrued no later than November 9, 2023.

50) Brincs, Dwayne Thomas, or Performance Title, never filed the purchase

money mortgage unbeknownst to Eric.  Eric was only given copies of the promissory note and mortgage.   Eric was unaware Brincs and Dwayne, or Performance Title did not file the mortgage of record with the Hamilton County Recorder.

51) Within weeks, Brincs secured a rehab loan from FTF Lending, LLC for approximately $377,000.00 and upon information and belief, Performance Title also closed that loan for Brincs now that it held full legal title to the Erie Avenue property.  Further, upon information and belief, Brincs and Dwayne Thomas did not disclose the existence of Eric's purchase money mortgage when applying for and receiving the second rehab loan for 4307 Erie Avenue from FTF Lending, LLC.

52) Eric never received any proceeds from the FTF Lending, LLC's loan closing from Brincs, Dwayne Thomas, or Performance Title.

53) Brincs Warehousing Storage and Dwayne Thomas subsequently defaulted.

54) Brincs and Dwayne Thomas bamboozled Eric to grant additional terms and a new promissory note.  Again, the promissory note was never recorded.

55) But this time, Dwayne and Brincs sold the property to Defendants, Kathryn Flanigan and Brian Strzelecki before Eric discovered Dwayne never filed the new mortgage.

56) And Dwayne or Brincs never paid any monies after April 23, 2024 when Brincs sold the property to Kathryn Flanigan and Brian Strzelecki with an excess overage payable to Brincs in excess of Three Hundred Thousand Dollars *after* a rehab loan and a mechanic's lien were satisfied at a closing to convey 4307 Erie

Avenue.

57) After a second default, Eric discovered the original mortgage was never filed or recorded to secure his mortgage against the real estate his loan was used to purchase.

58) Eric Oetjen had contracts, the promissory notes, with Brincs and Dwayne Thomas to pay monies loaned for the purchase of 4307 Erie Avenue.

59) Eric Oetjen had a contractual relationship with Performance Title as a buyer of 4307 Erie Avenue, to perform a closing and ensure all relevant documents were recorded to secure Eric's title and security interest in that property.

60) Brincs breached their contracts with Eric Oetjen by never paying the debt and not recording the mortgages.

61) Performance Title breached their contract with Eric Oetjen by not recording documents securing debts as an owner of the property or conducting due diligence to determine whether any agreements related to Eric's wiring of funds existed. Eric was not listed as an owner of 4307 Erie Avenue on the Deed prepared by Performance Title.

62) As a result of the breach by Dwayne Thomas, Brincs Storage and Warehousing, Inc. and Performance Title breaching their respective contractual obligations to Eric Oetjen, he has and will continue to incur compensatory damages including but not limited to the initial principal amount loaned and agreed upon interest in amounts that exceed the jurisdictional limits of this Court.

63) Had Dwayne Thomas, Brincs, or Performance Title recorded Eric's

mortgage under the terms of their agreement and Dwayne's verbal assurances, there would have been nearly enough to pay-off Eric's mortgage principal of his purchase money mortgage.

### Third Cause of Action

### BAD FAITH VIOLATION OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, ALL DEFENDANTS

64) Plaintiff, Eric Oetjen, incorporates by reference the allegations in Paragraphs 1-63 of this Complaint as if fully re-written herein.

65) Eric Oetjen had a contractual relationship with Brincs Warehousing & Storage, Inc. through the promissory note, a legally binding contract.

66) Eric Oetjen performed his obligations under the promissory note in good faith though Brincs, Dwayne Thomas and Performance Title acted in bad faith as stated above and unfairly prevented Eric from receiving the benefits of his contract and directly and proximately caused injury to Eric Oetjen in the amounts due and owing under the promissory notes and mortgages.

### Fourth Cause of Action

### NEGLIGENCE *PER SE*, VIOLATION OF 18 U.S.C. 1014, FALSE STATEMENTS MADE TO A FINANCIAL INSTITUTION & STATE LAW FORGERY, OHIO REVISED CODE  AGAINST BRINCS, DWAYNE THOMAS, PERFORMANCE TITLE THROUGH ITS EMPLOYEE, BRIAN BAUER

67) Plaintiff, Eric Oetjen, incorporates by reference the allegations in Paragraphs 1-66 of this Complaint as if fully re-written herein.

68)  In 1942, the Kentucky General Assembly enacted the common law doctrine of negligence per se, and it is now codified as Ky. Rev. Stat. § 446.070.

69) Ky. Rev. Stat. § 446.070 reads, a person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violations."

70) 18 U.S.C. § 1014 is a federal statute that prevents a party from making a false statement to a financial institution, here FTF Lending, "Fund That Flip", LLC, a sub-prime commercial mortgage lender that constitutes a "financial institution" within the meaning of 18 U.S.C. § 201(10).

71) Defendants, Dwayne Thomas, and Brincs Warehousing Storage, Inc., and Performance Title owed a duty of care to not violate statutes that are adopted and whose purpose is to protect individuals, here Eric Oetjen.

72) Defendants, Dwayne Thomas, and Brincs Warehousing Storage, Inc., did knowingly make and cause to be made false statements and reports for the purposes of influencing and obtaining loans from FTF Lending, LLC, a mortgage lender, upon an application for a loan, in that Thomas and Brincs Warehousing & Storage, represented and affirmed in loan applications that he and it were unaware of any outstanding debts or monies lent for the purchase of the Erie Avenue property. When in truth and fact, as Dwayne Thomas and Brian Bauer then knew, the property was encumbered by Eric Oetjen's promissory note and mortgage that was executed earlier and time and not recorded by Brincs, Dwayne Thomas, or Performance Title.

73) Next, Ohio Revised Code § 2931.31 (Forgery), states, (A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any

of the following: (1) Forge any writing of another without the other person's authority; (2) Forge any writing so that it purports to be genuine when it actually is spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what in fact was the case, or to be a copy of an original when no such original existed. A violation of this statute is a criminal felony.

74) Upon information and belief, Dwayne Thomas and Brian Bauer together forged an affidavit with Eric Oetjen's signature.  It appears that either Thomas or Bauer cut and pasted Eric Oetjen's signature from a Deed and put in on an affidavit submitted to the Hamilton County Recorder's Office in-order to apply for an exemption from transfer tax when the Erie Avenue property when Eric's interest was conveyed to Brincs.  Brian Bauer then notarized the forged document.

75)  Eric never signed the affidavit.  Next, the under oath statements made therein for the purposes of evading the transfer tax are false.

76) By making these false statements, Dwayne Thomas, Brincs, and Performance Title breached their respective duties of care owed to Eric Oetjen.

77)    Eric Oetjen has been injured and the proximate cause of his incurred compensatory damages as a result of breach of statutorily created duties of care by Dwayne Thomas, the Brincs, and Performance Title including punitive damages as allowed by statute.

## Fifth Cause of Action

## <u>CIVIL CONSPIRACY AGAINST ALL DEFENDANTS</u>

78) Plaintiff, Eric Oetjen, incorporates by reference the allegations in Paragraphs 1-66 of this Complaint as if fully re-written herein.

79) Brincs Warehousing & Storage, Dwayne Thomas, and Performance Title acted in a malicious combination with each other, two or more persons or entities, that caused damages to Eric Oetjen in an amount in excess of $200,000.00 as stated above as a result of the claims of breach of contract, fraud, negligence *per se*, breach of bad faith of the implied covenant of good faith and fair dealing and independent of this conspiracy claim.

80) As a consequence, the Brincs and Performance Title defendants are jointly and severally liable to the damages of Eric Oetjen, the Plaintiff, which damages are in excess of $255,000.00 including punitive damages as allowed by statute.

81) Eric Oetjen demands judgment against the above Defendants, jointly and severally, for compensatory and punitive damages for their breach of duties owed to Eric, the Plaintiff.

**WHEREFORE,** the Plaintiff, Eric Oetjen, prays for the following relief:

A) **A trial by jury of all of the issues alleged herein;**
B) **For a judgment for damages in an amount that exceeds the jurisdictional requisites of this Court jointly against Brincs Storage Warehousing, Inc., Dwayne Thomas, and Performance Title for the causes of action pled by Plaintiff, Eric Oetjen;**
C) **An award of Plaintiff's reasonable costs, expenses, and attorney's fees as proscribed by statute**
D) **An award of such other and equitable relief as this Court shall deem just and reasonable.**

Respectfully submitted,

**MEGERLE LAW**

_____
STEVEN JOSEPH MEGERLE, Ky. Bar Reg. No. 90675
Megerle Law
Attorney for the Plaintiff
P.O. Box 2613
Covington, Kentucky 41012
(859) 982-2025
Facsimile: (859) 972-0555
Electronic Mail: Sjm4880@aol.com

## VERIFICATION

I verify all the statements and allegations in the foregoing civil complaint are true and accurate to best of my knowledge and belief.

_____
Eric Oetjen

COMMONWEALTH OF KENTUCKY          }
                                  }          SCT.
COUNTY OF CAMPBELL                }

This verification was sworn and subscribed before me, a Notary Public, State-at-Large, on this 3rd _____ day of February, 2026.


_____
Notary Public, State-at-Large
My Commission Expires: 2-14-29
Notary ID No.: KYNP96965

ZACHAREY JARED MOSS
Notary Public
Commonwealth of Kentucky
Commission Number KYNP96965
My Commission Expires Feb 14, 2029